## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**MICHELLE DENISE MURRAY,**          ]
                                      ]
    Plaintiff,                ]
                                      ]
    vs.                       ]          CV 11-J-3139-S
                                      ]
**MICHAEL J. ASTRUE,**               ]
**Commissioner of the Social**        ]
**Security Administration**,          ]
                                      ]
    Defendant.

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.   All administrative remedies have been exhausted.

The plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 10, 2008 (R. 180-184), alleging an inability to work since June 4, 2008, due to seizures (R. 207).  The applications were denied by an Administrative Law Judge on October 21, 2010 (R. 16-26).  The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The medical evidence in the record at the time of the hearing demonstrates that the plaintiff does suffer from seizures, however the ALJ determined that if the plaintiff took her medication as prescribed, the seizures would be controlled sufficiently that the plaintiff could engage in substantial gainful activity (R. 23, 25-26).  The ALJ also found that the plaintiff did have the severe limitation of post-traumatic osteoarthritis of the left ankle (R. 18), but that the plaintiff's medical records do not support that  this limitation is of the

severity claimed by plaintiff (R. 23).  In her memorandum in support of her claim (doc. 11), the plaintiff argues only the latter finding was in error.

The plaintiff's medical records concerning her ankle injuries stemming from a November 2008 motor vehicle accident, are sparse.  The plaintiff was admitted into the hospital where she was found to have suffered a non-displaced right ankle medial malleolar fracture and soft tissue ligament injuries and a non-displaced incomplete fracture of the left ankle (R. 334).  Neither of these injuries required surgery (R. 337).

At a follow up appointment on November 19, 2008, the plaintiff was told to bear weight as tolerated using a walker (R. 469).  Dr. John Parks noted that "her pain is tolerable at this time and she does not need any more pain medication," however she was taking Lortab for pain (R. 469-470).  On December 10, 2008, Dr. Parks found that the plaintiff's right ankle was "doing well" but that her left ankle still had a severe ligamentous injury with significant swelling (R. 471).  He recorded that her pain level was improving and prescribed ibuprofen for pain (R. 471).  By March 2009 the plaintiff reported to Dr. Parks that she had mild left ankle swelling, some left ankle stiffness, and mild pain on passive motion (R. 474).  At her May 2009 follow-up visit, Dr. Parks recommended continued use of an ankle boot and cam walker for her left ankle (R. 477).  However, when Dr. Huey Kidd performed a consultative examination of plaintiff in February 2010, he opined the plaintiff did not require the use of a cane to walk (R. 484).  No further evidence concerning the plaintiff's ankle problems is in the record.

Based on his review of the evidence, the ALJ determined that the plaintiff suffered from the severe impairments noted above, specifically a seizure disorder and post-traumatic osteoarthritis of the left ankle, but did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part

2

404, Subpart P, Appendix 1 (R. 18-19).  The ALJ specifically considered Listing 11.03 for seizure disorders and 1.02A for osteoarthritis, but found the plaintiff did not meet the specific requirements of those Listings (R. 19).

The ALJ found that the plaintiff could not return to her past work, which was in the "light" exertional range, but that the plaintiff could perform other work in the light range (R. 19, 24).  The ALJ considered the plaintiff's date of birth of March 31, 1983, her high school education, her ability to perform a limited range of light work, and the testimony of the Vocational Expert in concluding that the plaintiff was not disabled at any time through the date of his decision (R. 25-26).

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining:  1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based

upon substantial evidence and that the Administrative Law Judge applied the correct legal standards. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this _20th day of April, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

4